# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE BARNES-ANNABI, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 3100 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| CLERK OF THE CIRCUIT COURT | ) | |
| OF COOK COUNTY, DOROTHY | ) | |
| BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding pro se, sues defendant for discrimination and retaliation. Defendant has filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the amended complaint. For the reasons set forth below, the Court grants the motion.

## Facts

Plaintiff alleges that, in 2011, then-Chief of the Civil Division, F. Blumenberg, "failed to train, promote, & equally pay [her]." (Am. Compl. at 4.) Plaintiff further alleges that:

> [She] was involuntarily transferred, unequally paid compared to [her] male co-workers due to [her] being diagnosed with depression, insomnia & anxiety. Dr. Blumenberg created a hostile work environment when she discriminated, failed to train, & pay [plaintiff] based on [her] religion, marital status, disability, ancestory [sic] & order of protection. Dr. Blumenberg retaliated after I complained to H/R & the EAP employee assistance program. I was laid off, rehired, & transferred out of my Division.

(*Id.*)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, the Court "liberally construe[s]" the allegations of a pro se complaint, which "are held 'to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

Defendant asks the Court to dismiss this suit as time-barred. However, untimeliness is an affirmative defense, and "[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Thus, the motion to dismiss this suit as untimely is denied.

There are, however, a number of other defects in the complaint that warrant its dismissal. *See Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) ("[T]his circuit permits *sua sponte* dismissals based on Rule 12(b)(6), so long as a sufficient basis for the court's action is apparent from the plaintiff's pleading.") (quotation omitted). To start, if plaintiff seeks relief pursuant to 42 U.S.C. § 1983, as her complaint suggests, she has not stated a viable claim. Defendant is an officer of the judicial branch of state government, and not, as her title suggests, an employee of Cook County. *See Pucinski v. Cnty. of Cook*, 737 N.E.2d 225, 228 (Ill. 2000). State governments (and

their functional equivalents, state officials in their official capacities) cannot be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, any § 1983 claim plaintiff asserts against defendant in her official capacity is dismissed.

Plaintiff fares no better with any § 1983 claim she asserts against defendant in her individual capacity. "'An *individual* cannot be held liable in a § 1983 action unless [s]he caused or participated in an alleged constitutional deprivation.'" *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (emphasis in original) (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Plaintiff does not allege that defendant had any involvement in the conduct plaintiff contests. Defendant cannot, therefore, be held personally liable for it under § 1983.

Any claim plaintiff asserts for violation of the employment provisions of the Americans with Disabilities Act ("ADA") also fails. A state (or state official in her official capacity) cannot be sued in federal court for damages for violating those provisions, *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001), and the ADA does not impose liability on individuals unless they are "employers" as defined by the statute, *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995), which defendant is not. *See* 42 U.S.C. § 12111(5)(A) (defining "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person"). As a result, plaintiff does not and cannot state a viable ADA claim against defendant.

Plaintiff has no better luck under Title VII. Plaintiff cannot state an individual capacity claim because Title VII, like the ADA, does not impose liability on individuals. *See Williams v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995). Moreover, though plaintiff can sue the state of

3

Illinois in federal court for Title VII violations, *see Nanda v. Board of Trustees of University of Illinois*, 303 F.3d 817, 831 (7th Cir. 2002), she must first file a timely EEOC charge setting forth all of the alleged bases of discrimination, *e.g.*, race, color, religion, sex, or national origin. *See* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-5(e)(1); *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005) ("Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII."). Because plaintiff does not allege that she filed such a charge, she has not stated a viable Title VII claim against the state.

Finally, the Court cannot entertain any claim plaintiff may be asserting under the Illinois Human Rights Act ("IHRA"). *See* 775 Ill. Comp. Stat. 5/1-103(Q), 2-102(A) (prohibiting employment discrimination on the basis of "race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service"). Original jurisdiction over IHRA claims is vested in the Illinois Human Rights Commission, and only state circuit courts have the power to review the Commission's orders. *See Mendez v. Perla Dental*, 646 F.3d 420, 422 (7th Cir. 2011) ("Pursuant to [the IHRA], the [Illinois Human Rights] Commission has exclusive jurisdiction over claims of civil rights violations."); *see also* 775 Ill. Comp. Stat. 5/8-111(C)(2) ("An aggrieved party may file a complaint for enforcement of a valid order of the Commission directly in Circuit Court."); 775 Ill. Comp. Stat. 5/8-111(D) ("[N]o court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act"). Thus, to the extent plaintiff asserts a claim under the IHRA, this Court lacks subject matter jurisdiction over it.

## Conclusion

For the reasons set forth above, the Court grants defendant's motion to dismiss [48] and: (1) dismisses with prejudice any § 1983 and Title VII claim plaintiff asserts against defendant in her official capacity and any ADA claim plaintiff asserts; and (2) dismisses without prejudice any § 1983 claim plaintiff asserts against defendant in her individual capacity, any Title VII claim plaintiff asserts against defendant in her official capacity, *i.e.*, against the state, and any IHRA claim. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend her complaint to state a viable § 1983 individual capacity claim against defendant and a Title VII claim against the state, if she can do so and comply with Rule 11. If plaintiff fails to do so, the Court will dismiss this suit with prejudice.

**SO ORDERED.**            **ENTERED: July 8, 2015**

                                                        _____
                                                        **HON. JORGE L. ALONSO**
                                                        **United States District Judge**